The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

JUAN A. GONZALEZ,

Plaintiff,

v.

THE GEO GROUP, INC., GEO SECURE
SERVICES, LLC and GEO CORRECTIONS
AND DETENTIONS, LLC, d/b/a THE GEO
GROUP,

Defendants.

Case No. 3:22-cv-05042-TSZ

DEFENDANTS' ANSWER AND
AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT

Defendants The GEO Group, Inc., GEO Corrections and Detention, LLC and GEO Secure Services, LLC (collectively, "Defendants") submit the following answer and affirmative defenses to the Amended Complaint of Plaintiff Juan Gonzalez ("Plaintiff"):

## I.    JURISDICTION AND VENUE

1.1    This Court has subject matter jurisdiction over this cause of action under RCW 2.08.010 and pursuant to RCW 49.60.030.

**ANSWER:** Defendants deny the allegations of Paragraph 1.1.

1.2    The Plaintiff, Juan Gonzalez (the "Plaintiff" or "Mr. Gonzalez"), is a resident of Pierce County, Washington, and worked for the Defendant, in Tacoma, Pierce County, Washington.

**ANSWER**:    On information and belief, Defendants admit the allegations contained in

4875-9011-0219.2 / 059218-1471
DEFS' ANSWER & AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT

LITTLER MENDELSON, P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122
206.623.3300

Paragraph 1.2.

1.3    The Defendant, The Geo Group, Inc., is a Florida corporation with a principal place of business in Boca Raton, Florida.

**ANSWER**:    Defendants admit the allegations contained in Paragraph 1.3.

1.4    The Defendant, Geo Corrections and Detention, LLC is Florida limited liability company with a principal place of business in Boca Raton, Florida.

**ANSWER:**    Defendants admit that Geo Corrections and Detention, LLC was a Florida limited liability company with a principal place of business in Boca Raton, Florida before being renamed Geo Secure Services, LLC.  Defendants deny the remaining allegations contained in Paragraph 1.4.

1.5    The Defendant, Geo Secure Services, LLC, is a Florida limited liability company with a principal place of business in Boca Raton, Florida.

**ANSWER**:    Defendants admit the allegations contained in Paragraph 1.5.

1.6    On information and believe, the Defendants Geo Corrections and Detention, LLC and Geo Secure Services, LLC, are wholly owned subsidiaries of The Geo Group, Inc., which are collectively referred to herein as the "Defendants" or "The Geo Group."

**ANSWER:**    Defendants admit that Geo Corrections and Detention, LLC was a wholly owned subsidiary of The Geo Group, Inc. and that Geo Secure Services, LLC is a wholly owned subsidiary of The Geo Group, Inc.  Defendants deny the remaining allegations contained in Paragraph 1.6.

1.7    The wrongful acts alleged by Mr. Gonzalez occurred in whole or in part in Tacoma, Pierce County, Washington.

**ANSWER**:  Defendants admit that The GEO Group, Inc. employed Plaintiff in Pierce, County, Washington until his termination on December 28, 2019.  Defendants deny the remaining allegations contained within Paragraph 1.7.

1.8    Venue is proper in this Court because the acts alleged herein took place in Pierce

4875-9011-0219.2 / 059218-1471
DEFS' ANSWER & AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT - 2

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

County, Washington, and the Defendants transact business in Pierce County, Washington.

**ANSWER**:   Defendants admit that that The GEO Group, Inc. employed Plaintiff in Pierce, County, Washington until his termination on December 28, 2019.  Defendants deny the remaining allegations contained in Paragraph 1.8.

## II.   STATEMENT OF FACTS APPLICABLE TO ALL CLAIMS AND CAUSES OF ACTION

2.1   The Plaintiff incorporates by reference and re-alleges paragraphs 1.1 – 1.8 as if fully set forth herein.

**ANSWER**:   Defendants incorporate and restate their answers to Paragraphs 1.1 – 1.8 above.

2.2   Mr. Gonzalez is a first generation American.

**ANSWER**:  Defendants lack sufficient information or knowledge to form a belief as to Plaintiff's family history and, therefore, deny the allegations of Paragraph 2.2.

2.3   Mr. Gonzalez's parents immigrated to the United States from Mexico.

**ANSWER**:  Defendants lack sufficient information or knowledge to form a belief as to the background of Plaintiff's parents and, therefore, deny the allegations of Paragraph 2.3.

2.4   Mr. Gonzalez is Mexican American and speaks fluent Spanish.

**ANSWER**:  On information and belief, Defendants admit that Plaintiff speaks Spanish. Defendants lack sufficient information or knowledge to form a belief as to truth of the remaining allegations of Paragraph 2.4 and, therefore, deny them.

2.5   On or about February 1, 2016, the Defendants hired Mr. Gonzalez to work as an Officer at its Northwest ICE Processing Center in Tacoma, Washington.

**ANSWER**:  Defendants admit the allegations contained in Paragraph 2.5.

2.6   Mr. Gonzalez was qualified for the position.

**ANSWER**:  Defendants deny the allegations contained in Paragraph 2.6.

2.7   Supervisors often asked Mr. Gonzalez "where did you come from" and "where are

4875-9011-0219.2 / 059218-1471
DEFS' ANSWER & AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT - 3

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

your parents from?"

**ANSWER**: Defendants deny the allegations of Paragraph 2.7.

2.8   The Northwest ICE Processing Center has three separate units, with different levels of offenders categorized as levels 1 through 3.

**ANSWER**: Defendants admit the Northwest ICE Processing Center maintains separate detainee units and categorizes detainees as either "Level 1", "Level 2", or "Level 3." Defendants deny the remaining allegations contained in Paragraph 2.8.

2.9   All of the units had detainees from Hispanic and Latinx countries, who spoke Spanish.

**ANSWER**: Defendants admit that the Northwest ICE Processing Center processes detainees from multiple countries, including countries of origin that include Central and South America, and detainees who speak foreign languages, including Spanish. Defendants deny the remaining allegations contained within Paragraph 2.9.

2.10   The Defendants routinely assigned Mr. Gonzalez to the Level 3 unit, which consists of detainees with charges and/or convictions of high-level offenses, such as rape, murder, or gang violence.

**ANSWER**: Defendants admit that detainees categorized as Level 3 include individuals charged or convicted of serious criminal offenses, and that Plaintiff worked in a unit that sometimes included Level 3 detainees. Defendants deny the remaining allegations contained in Paragraph 2.10.

2.11   Supervisors repeatedly told Mr. Gonzalez that they assigned him to the Level 3 unit, because "they're your people" as well as other racially charged comments about Mr. Gonzalez's interactions with the detainees.

**ANSWER**: Defendants deny the allegations of Paragraph 2.11.

2.12   Mr. Gonzalez is a member of the United Government Security Officers of American International Union and its Local 833 (collectively the "Union").

4875-9011-0219.2 / 059218-1471
DEFS' ANSWER & AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT - 4

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

**ANSWER**: Defendants lack sufficient information or knowledge to form a belief as to the remaining allegations of Paragraph 2.12 and, therefore, deny them.

2.13   On or about May 2019, Mr. Gonzalez requested intermittent leave under the Family and Medical Leave Act ("FMLA") to care for his wife and son during a high-risk pregnancy.

**ANSWER**: Defendants admit Plaintiff requested leave under the FMLA allegedly to bond with his newborn child.  Defendants deny the remaining allegations contained in Paragraph 2.13.

2.14   Mr. Gonzalez was eligible for leave under the FMLA.

**ANSWER**: Defendants admit that, at the time that Plaintiff requested FMLA, he had been employed for over a year and worked more 1,250 hours in the preceding year.  Defendants lack sufficient information or knowledge to form a belief as to the remaining allegations of Paragraph 2.14, including the truth of the averments within his application and certification – and, therefore, deny them.

2.15   The Defendants are a covered employer under the FMLA.

**ANSWER**: Defendants admit the allegations of Paragraph 2.15.

2.16   The Defendants employ 50 or more employees in Tacoma, Washington, or within 75 miles of it.

**ANSWER**: Defendants admit that The GEO Group, Inc. employs more than 50 employees at the Northwest ICE Processing Center, which is located in Tacoma, Washington.  Defendants deny the remaining allegations of Paragraph 2.16.

2.17   Mr. Gonzalez had worked at least 1,250 hours during the 12-month period prior to starting leave.

**ANSWER**: Defendants admit the allegation contained in Paragraph 2.17.

2.18   Mr. Gonzalez had been employed by the Defendant for more than 12 months prior to requesting leave.

**ANSWER**: Defendants admit the allegations of Paragraph 2.18.

2.19   On or about July 26, 2019, the Defendants approved Mr. Gonzalez's intermittent

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

leave for the duration of one year, for the purposes of caring for his wife and bonding with his newborn son.

**ANSWER**:  Defendants admit Plaintiff was approved for FMLA leave in 2019 for the purpose of bonding with his newborn son.  Defendants deny the remaining allegations of Paragraph 2.19.

2.20    Mr. Gonzalez's leave was approved to begin on or about August 15, 2019, and was to expire on August 15, 2020.

**ANSWER**:  Defendants deny the allegations contained in Paragraph 2.20.

2.21    On or about August 17, 2019, Mr. Gonzalez and his wife were in a car accident.

**ANSWER**:  Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 2.21 and, therefore, deny them.

2.22    After that, Mr. Gonzalez began to take time off to care for his wife.

**ANSWER**:  Defendants admit that Plaintiff took FMLA leave beginning on August 9, 2019.  Defendants deny the remaining allegations contained in Paragraph 2.22.

2.23    The Defendants' policy for utilizing intermittent FMLA was to call the assigned shift supervisor and notify him or her that the time off was for FMLA leave.

**ANSWER**:  Defendants admit that the allegations contained in Paragraph 2.23 are consistent with Defendants' requirements for usage of pre-approved intermittent FMLA leave. Defendants deny the remaining allegations contained in Paragraph 2.23.

2.24    Each time Mr. Gonzalez took a day off to care for his wife, he called and notified the appropriate shift supervisor that he was taking time off under approved intermittent FMLA.

**ANSWER**:  Defendants deny the allegations contained in Paragraph 2.24.

2.25    On or about October 22, 2019, Mr. Gonzalez received a letter from the Defendants' [sic] stating that his "current leave of absence" was set to expire on October 22, 2019.  The letter did not specifically mention FMLA.

**ANSWER**:  Defendants admit that The GEO Group, Inc. sent Plaintiff a letter dated

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

October 22, 2019 notifying him that his leave would expire on October 22, 2019, without containing the acronym "FMLA." Defendants deny the remaining allegations contained in Paragraph 2.25.

2.26    The letter was not signed by an individual and simply stated "Insert Facility HR Representative's Name."

**ANSWER**: Defendants admit the allegations in Paragraph 2.26.

2.27    On or about the same day, Mr. Gonzalez called to speak with Human Resources about the letter.

**ANSWER**: Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 2.27 and, therefore, deny them.

2.28    Mr. Eli Johnson, based in Los Angeles, California, took Mr. Gonzalez's call.

**ANSWER**: Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 2.28 and, therefore, deny them.

2.29    Mr. Johnson informed Mr. Gonzalez that the letter was sent in error and that Mr. Gonzalez should disregard it.

**ANSWER**: Defendants deny the allegations contained in Paragraph 2.29.

2.30    On October 27, 2019, Mr. Gonzalez followed the Defendants' protocol and called the appropriate shift supervisor to notify them that he was taking FMLA leave.

**ANSWER**: Defendants deny the allegations contained in Paragraph 2.30.

2.31    On or about November 15, 2019, the Defendants' disciplined Mr. Gonzalez for an absence on a day that he had utilized intermittent FMLA leave, from October 27, 2019.

**ANSWER**: Defendants admit that Plaintiff received discipline for poor attendance, which included but was not limited to an absence on October 27, 2019. Defendants deny the remaining allegations contained within Paragraph 2.31.

2.32    On November 1 through 5, 2019, Mr. Gonzalez followed the Defendants' protocol and called the appropriate shift supervisor to notify them that he was taking FMLA leave.

4875-9011-0219.2 / 059218-1471
DEFS' ANSWER & AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT - 7

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122

**ANSWER**: Defendants deny the allegations contained in Paragraph 2.32.

2.33    On or about November 15, 2019, the Defendants disciplined Mr. Gonzalez for an absence on the days that he had utilized intermittent FMLA leave, from November 1 through 5, 2019.

**ANSWER**: Defendants admit that Plaintiff received discipline for poor attendance, which included but was not limited to absenteeism during the period of November 1, 2019 through November 5, 2019. Defendants deny the remaining allegations contained within Paragraph 2.33.

2.34    On or about December 28, 2019, the Defendants disciplined Mr. Gonzalez for an absence on a day that he had utilized intermittent FMLA leave, from November 23, 2019.

**ANSWER**: Defendants admit that Plaintiff received discipline for poor attendance, which included but was not limited to an absence on November 23, 2019. Defendants deny the remaining allegations contained within Paragraph 2.34.

2.35    On December 8, 2019, Mr. Gonzalez followed the Defendants' protocol and had called the appropriate shift supervisor to notify them that he was taking FMLA leave.

**ANSWER**: Defendants deny the allegations contained within Paragraph 2.35.

2.36    On or about December 28, 2019, the Defendants' disciplined Mr. Gonzalez for an absence on a day that he had utilized intermittent FMLA leave, from December 8, 2019.

**ANSWER**: Defendants admit that Plaintiff received discipline for poor attendance, which included but was not limited to an absence on December 8, 2019. Defendants deny the remaining allegations contained within Paragraph 2.36.

2.37    For each of the days that the Defendants disciplined Mr. Gonzalez, the Defendants took the time from Mr. Gonzalez's sick leave, which was available to him.

**ANSWER**: Defendants deny the allegations contained in Paragraph 2.37.

2.38    On or about December 13, 2019, the Defendants' erroneously informed Mr. Gonzalez that his FMLA had expired after October 22, 2019.

**ANSWER**: Defendants deny the allegations contained in Paragraph 2.38.

4875-9011-0219.2 / 059218-1471
DEFS' ANSWER & AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT - 8

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122

2.39    As of December 13, 2019, Mr. Gonzalez's FMLA leave had not expired.

**ANSWER**: Defendants deny the allegations contained in Paragraph 2.39.

2.40    After receiving each paycheck that notated that sick leave time had been used, instead of FMLA leave, Mr. Gonzalez asked a supervisor and his union representative about the error, stating that it should have been characterized as "FMLA leave".

**ANSWER**: Defendants lack sufficient information or knowledge to form a belief as to Plaintiff's alleged conversations with an unidentified "supervisor" and unnamed union representative and, therefore, deny the allegations of Paragraph 2.40.

2.41    Each time, the supervisor and union representative told him that it was a minor error and to call Human Resources to have it corrected.

**ANSWER**: Defendants lack sufficient information or knowledge to form a belief as to Plaintiff's alleged conversations with an unidentified "supervisor" and unnamed union representative and, therefore, deny the allegations of Paragraph 2.41.

2.42    Mr. Gonzalez repeatedly called the Defendants' Human Resources department but no one responded to his calls.

**ANSWER**: Defendants deny the allegations contained in Paragraph 2.42.

2.43    Mr. Gonzalez also spoke with the Defendants' payroll personnel, who repeatedly told him that he did have FMLA leave available to use.

**ANSWER**: Defendants deny the allegations contained in Paragraph 2.43.

2.44    Based on these conversations between Mr. Gonzalez, his supervisors, and union representative, the Defendants had knowledge that it had incorrectly input that Mr. Gonzalez had unexcused absences on October 27, 2019, November 1 to 4, 2019, and December 8, 2019, which should have been coded as FMLA leave.

**ANSWER**: Defendants deny the allegations contained in Paragraph 2.44.

2.45    Despite this knowledge, the Defendants disciplined and ultimately terminated Mr. Gonzalez for an absence on December 8, 2019—a day on which he utilized FMLA leave.

4875-9011-0219.2 / 059218-1471
DEFS' ANSWER & AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT - 9

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

**ANSWER**:  Defendants admit that The GEO Group, Inc. terminated Plaintiff for a history of poor attendance, ending in an absence on December 8, 2019.  Defendants deny the remaining allegations contained within Paragraph 2.45.

2.46  On or about December 28, 2019, the Defendants terminated Mr. Gonzalez's employment.

**ANSWER**:  Defendants admit that The GEO Group, Inc terminated Plaintiff on or about December 28, 2019.  Defendants deny the remaining allegations of Paragraph 2.46.

2.47  The Defendants stated that it was terminating Mr. Gonzalez because of his "unexcused" absence on December 8, 2019.

**ANSWER**:  Defendants admit that Plaintiff signed a disciplinary action form on December 28, 2019 stating that his December 8, 2019 unexcused absence triggered dismissal under Article 17.5 of the CBA.   Defendants deny the remaining allegations contained within Paragraph 2.47.

2.48  The proffered reason was pretextual.

**ANSWER**:  Defendants deny the allegations of Paragraph 2.48.

2.49  The Defendants treated Mr. Gonzalez differently than other, Caucasian employees, because of his race and need for FMLA leave.

**ANSWER**: Defendants deny the allegations of Paragraph 2.49.

2.50  Supervisors repeatedly revealed to Mr. Gonzalez's co-workers that Mr. Gonzalez was taking FMLA leave and made racially charged comments such as "he has too many kids."

**ANSWER**:  Defendants deny the allegations of Paragraph 2.50.

2.51  Multiple Caucasian employees, who did not have intermittent FMLA leave, had "unexcused" absences and too many attendance points, but were not terminated.

**ANSWER**:  Defendants deny the allegations of Paragraph 2.51.

2.52  The Plaintiff was satisfactorily performing work at the time of termination.

**ANSWER**:  Defendants deny the allegations of Paragraph 2.52.

2.53  On or about October 25, 2019, under the Collective Bargaining Agreement

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

("CBA"), the Defendant and the Union bargained for the accrual of 56 hours of paid sick leave, with 24 hours of paid sick leave to be front loaded effective November 1, 2019.

**ANSWER**: Defendants admit that the CBA provided bargaining unit members 24 hours of paid sick leave front loaded effective November 1, 2019. Defendants deny the remaining allegations contained within Paragraph 2.53.

2.54    Based on the 24 sick leave hours front loaded on November 1, 2019, Mr. Gonzalez had sick leave available to cover any alleged unexcused absences from November 1, 2019 to December 8, 2019.

**ANSWER**: Defendants deny the allegations of Paragraph 2.54.

2.55    On or about January 1, 2020, Mr. Gonzalez would have been eligible for leave under the Washington Paid Family and Medical Leave Act ("WPFMLA").

**ANSWER**: Defendants deny the allegations contained in Paragraph 2.55.

2.56    The CBA specifically states that "The company shall cover all Washington State Paid Family Medical Leave costs."

**ANSWER**: Defendants admit the allegations of Paragraph 2.56.

2.57    The Union repeatedly requested that the Defendants reinstate Mr. Gonzalez's position.

**ANSWER**: Defendants admit the Union filed a grievance regarding Plaintiff's termination that sought reinstatement. Defendants deny the remaining allegations contained in Paragraph 2.57.

2.58    The Defendants refused to reinstate Mr. Gonzalez, even though his position remained open.

**ANSWER**: Defendants admit that The GEO Group, Inc. denied Plaintiff's grievance. Defendants deny the remaining allegations contained in Paragraph 2.58.

**III.        SPECIFIC STATEMENT OF CLAIMS AND CAUSES OF ACTION**

3.1    The Plaintiff incorporates by reference and re-alleges paragraphs 1.1 – 2.58 as if fully set forth herein.

4875-9011-0219.2 / 059218-1471
DEFS' ANSWER & AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT - 11

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

**ANSWER**: Defendants incorporate and restate their answers to Paragraphs 1.1 – 2.58 above.

### CLAIM FOR RETALIATION UNDER THE FAMILY AND MEDICAL LEAVE ACT

3.2     The Plaintiff engaged in activity protected under the FMLA – he took leave to care for his wife and newborn son.

**ANSWER**: Defendants admit that Plaintiff requested FMLA leave to allegedly care for his wife and newborn son, and followed with some absences allegedly for that purpose. Defendants deny the remaining allegations contained in Paragraph 3.2.

3.3     The Plaintiff was eligible for leave under the FMLA.

**ANSWER**: Defendants admit that, at the time that Plaintiff requested FMLA, he had been employed for over a year and worked more 1,250 hours in the preceding year.  Defendants lack sufficient information or knowledge to form a belief as to the remaining allegations of Paragraph 3.3, including the truth of the averments within his submitted application and certification, and his alleged eligibility for FMLA for some other purpose – and, therefore, deny them.

3.4     The Defendants terminated the Plaintiff's employment for requesting and taking leave under the FMLA, in violation of 29 U.S.C. §2615.

**ANSWER**: Defendants deny the allegations of Paragraph 3.4.

3.5     Defendants' termination of Plaintiff's employment on or about December 28, 2019, was a willful violation of the FMLA, specifically 29 U.S.C. §§ 2614, 2615, and 2616.

**ANSWER**: Defendants deny the allegations of Paragraph 3.5.

3.6     There is a causal connection between Mr. Gonzalez's protected activity and the Defendants' termination of his employment, as it terminated him for absences on dates on which he utilized FMLA leave.

**ANSWER**: Defendants deny the allegations of Paragraph 3.6

### CLAIM FOR VIOLATION OF RCW 49.12.265-295 – WASHINGTON FAMILY CARE ACT ("WFCA")

4875-9011-0219.2 / 059218-1471
DEFS' ANSWER & AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT - 12

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

3.7   The Plaintiff used paid time off to care for his spouse with a serious health condition.

**ANSWER**: Defendants deny the allegations contained in Paragraph 3.7.

3.8   The Plaintiff attempted to exercise his rights under the WFCA by utilizing available sick leave.

**ANSWER**: Defendants deny the allegations of Paragraph 3.8.

3.9   The Plaintiff had available sick leave to receive the protections of WFCA for the needed period of time to care for his spouse.

**ANSWER**: Defendants deny the allegations of Paragraph 3.9.

3.10   The Defendants discharged the Plaintiff for exercising and/or attempting to exercise his right under the WFCA.

**ANSWER**: Defendants deny the allegations of Paragraph 3.10.

**CLAIM FOR WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

3.11   The Plaintiff attempted to exercise his legal right established under the WFCA.

**ANSWER**: Defendants deny the allegations of Paragraph 3.11.

3.12   The Plaintiff acted in compliance with the WFCA.

**ANSWER**: Defendants deny the allegation in Paragraph 3.12.

3.13   The WFCA is a well-established and important public policy.

**ANSWER**:  The allegations of Paragraph 3.13 set forth legal conclusions to which no response is required and Defendants, therefore, deny them.

3.14   The Defendants discharged the Plaintiff for attempting to exercise his right under the WFCA.

**ANSWER**: Defendants deny the allegations contained in Paragraph 3.14.

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

## CLAIM FOR VIOLATION UNDER THE WASHINGTON PAID FAMILY AND MEDICAL LEAVE ACT ("WPFMLA") (RCW Title 50A)

3.15    On or about January 1, 2020, the Plaintiff would have been eligible for leave under the WPFLA – less than five days after the Defendants terminated the Plaintiff.

**ANSWER**: Defendants deny the allegations contained in Paragraph 3.15.

3.16    In an attempt to interfere with his ability to exercise his rights under RCW Title 50A, the Defendants terminated days before the Plaintiff was eligible for benefits under RCW Title 50A and subsequently refused to reinstate him.

**ANSWER**: Defendants deny the allegations contained in Paragraph 3.16.

## CLAIM FOR RACE DISCRIMINATION AND RETALIATION IN VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION (RCW Title 49.60)

3.17    The Plaintiff belongs to a protected class because of his race.

**ANSWER**:  On information and belief, Defendants admit the allegations contained in Paragraph 3.17.

3.18    The Plaintiff was qualified for the position with the Defendants.

**ANSWER**: Defendants deny the allegations contained in Paragraph 3.18.

3.19    The Plaintiff was satisfactorily performing his job.

**ANSWER**: Defendants deny the allegations contained in Paragraph 3.19.

3.20    The Plaintiff experienced an adverse action when the Defendants treated him differently from other non-minority employees and, ultimately, terminated him from employment.

**ANSWER**: Defendants admit that The GEO Group, Inc. terminated Plaintiff.  Defendants deny the remaining allegations contained in Paragraph 3.20.

### IV.    DAMAGES

4.1    The Plaintiff incorporates by reference and re-alleges paragraphs 1.1 – 3.20 as if fully set forth herein.

**ANSWER**:  Defendants incorporate and restate their answers to Paragraphs 1.1 – 3.20

4875-9011-0219.2 / 059218-1471
DEFS' ANSWER & AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT - 14

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

above.

4.2    The Defendants' unlawful conduct with regard to its employment of Plaintiff has caused Plaintiff the following damages:

4.2.1    Lost back pay, wages, and benefits in amounts to be established at trial.

4.2.2    Lost front pay, future wages, and benefits in amounts to be established at trial.

4.2.3    Attorney fees and costs.

4.2.4    Emotional upset, stress, and anxiety in an amount to be established at trial.

4.2.5    Out of pocket expenses, litigation costs, and attorney fees in amounts to be established at trial.

4.2.6    Statutory and punitive damages.

**ANSWER**: Defendants deny the allegations contained within Paragraph 4.2 – 4.2.6.

## AFFIRMATIVE DEFENSES

Defendants re-allege and incorporate all matters admitted and alleged above and further affirmatively allege:

## FIRST AFFIRMATIVE DEFENSE

33.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations or the equitable doctrine of laches.

## SECOND AFFIRMATIVE DEFENSE

34.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of unclean hands, waiver, and estoppel.

## THIRD AFFIRMATIVE DEFENSE

35.    The employment decision(s) about which Plaintiff complains are based on legitimate, non-discriminatory/non-retaliatory reasons.

## FOURTH AFFIRMATIVE DEFENSE

36.    Plaintiff's claims are barred, in whole or in part, by the fact that Defendants would have taken the same action(s) in the absence of any alleged impermissible motivating factor or

4875-9011-0219.2 / 059218-1471
DEFS' ANSWER & AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT - 15

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

cause.

## FIFTH AFFIRMATIVE DEFENSE

37.     All actions taken by Defendants, or anyone acting on their behalf, were just, fair, privileged, made with good cause and/or in a good faith effort to comply with all applicable laws, and made without malice or intent to discriminate, retaliate or harass.

## SIXTH AFFIRMATIVE DEFENSE

38.     Plaintiff's alleged damages are barred, in whole or in part, to the extent that Plaintiff failed to mitigate, has successfully mitigated, and/or to the extent the alleged damages are too speculative to permit recovery, exceed the type of remedies that are recoverable under each cause of action alleged, or are otherwise off-set.

## SEVENTH AFFIRMATIVE DEFENSE

39.     Under the facts of this case, the imposition of any punitive damages or penalty of any kind (including, but not limited to, an award of attorney fees) would violate Defendants' constitutional rights, including, but not limited to, equal protection and due process rights under the Fifth and Fourteenth Amendments of the United States Constitution, and their right to be free from excessive fines under the Eighth Amendment of the United States Constitution.

## <u>RESERVATION OF RIGHTS</u>

40.     Defendants has not yet completed an exhaustive investigation into or discovery of the allegations, facts, and circumstances of the subject matter of Plaintiff's allegations, and accordingly, Defendants reserve the right to amend, modify, revise, or supplement this Answer and Affirmative Defenses, and to plead such further defenses and affirmative defenses and take such further actions as may be deemed proper and necessary in its defense upon the completion of investigation and discovery.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, having fully answered the Complaint, Defendants respectfully request that this Court:

4875-9011-0219.2 / 059218-1471
DEFS' ANSWER & AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT - 16

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122

1. Dismiss the Complaint in its entirety;

2. Deny each and every demand, claim, and prayer for relief contained in the Complaint asserted against Defendants;

3. Award Defendants their reasonable attorneys' fees and costs incurred in defending this action; and

4. Grant such other and further relief as this Court may deem just and proper.

Dated: January 27, 2022

/s/ Brian Rho
Brian (Heyun) Rho, WSBA # 51209
brho@littler.com
LITTLER MENDELSON, P.C.
One Union Square
600 University Street, Suite 3200
Seattle, WA 98101
Phone: 206.623.3300
Fax:    206.447.6965

and

Joseph M. Cooper, OSB #195169
(*Admitted pro hac vice*)
jcooper@littler.com
LITTLER MENDELSON, P.C.
1300 SW Fifth Avenue, Suite 2050
Portland, OR 97201
Phone: 503.221.0309
Fax: 503.242.2457

Attorney for Defendants
The GEO Group, Inc., GEO Secure Services, LLC, and GEO Corrections and Detentions, LLC.

4875-9011-0219.2 / 059218-1471
DEFS' ANSWER & AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT - 17

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

# CERTIFICATE OF SERVICE

I am a resident of the State of Washington. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One Union Square, 600 University Street, Suite 3200, Seattle, Washington 98101. On January 27, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**<u>Attorneys for Plaintiff</u>**

Patrick B. Reddy, WSBA No. 34092
Amanda V. Masters, WSBA No. 46342
Emery Reddy. PLLC
600 Stewart St., Ste 1100
Seattle, W A 9810 1
Telephone: (206) 442-9106
Fax: (206) 441-9711
Email: reddyp@emeryreddy.com
amanda@emeryreddy.com

I declare under penalty of perjury under the laws of the United States and of the State of Washington that the above is true and correct.

Executed on January 27, 2022, at Seattle, Washington.

*s/ Katie Angelikis*
Katie Angelikis
kangelikis@littler.com
LITTLER MENDELSON, P.C.

4875-9011-0219.2 / 059218-1471
DEFS' ANSWER & AFFIRMATIVE DEFENSES TO
AMENDED COMPLAINT - 18

LITTLER MENDELSON, P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122