UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUAN A. GONZALEZ,

        Plaintiff,

v.

THE GEO GROUP, INC., et al.,

        Defendants.

C22-5042 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's motions in limine, docket no. 58, are GRANTED in part, DENIED in part, STRICKEN in part as moot, and DEFERRED in part, as follows:

    1. Plaintiff's motion to exclude any evidence or reference to the jury regarding Plaintiff's disciplinary and performance evaluations prior to Plaintiff's 2019 request for leave under the Family and Medical Leave Act ("FMLA") is DEFERRED to the pretrial conference. The Court is inclined to grant this motion (unless Plaintiff opens the door to this information) and Defendants shall be prepared to address at the pretrial conference the relevance of Plaintiff's prior performance evaluations and attendance history, and why this evidence should not be precluded as propensity evidence.

    2. Plaintiff's motion to exclude any evidence or reference to the jury regarding Plaintiff's attendance information prior to Plaintiff's 2019 request for leave under the FMLA is DEFERRED to the pretrial conference. The Court is inclined to rule on this motion consistent with Plaintiff's first motion in limine.

MINUTE ORDER - 1

3. Plaintiff's motion to exclude any evidence or reference to the jury regarding information and documents not previously produced during discovery is STRICKEN in part as moot and DENIED in part. The motion is STRICKEN as moot as it relates to Exhibit B to the Supplemental Declaration of Bruce Scott, docket no. 53-2, which purportedly shows disciplinary actions Defendants took against white employees for alleged absenteeism. The Court previously granted summary judgment in favor of Defendants as to Plaintiff's race discrimination claim. *See* Minute Entry (docket no. 61). Accordingly, no evidence of alleged race discrimination shall be presented at trial. The motion is DENIED as it relates to Defendants' "Call Off Tracker," Exhibit A to the Declaration of Bruce Scott, docket no. 35-1, which Defendants produced to Plaintiff in its native Excel spreadsheet format. Plaintiff previously produced the same Excel spreadsheet to Defendants in .pdf format, *see* Ex. 1 to Cooper Decl. (docket no. 64-1), and the Court will not exclude the same spreadsheet because Defendants later produced it in a different format.

4. Plaintiff's motion to exclude all evidence of his social media posts is DENIED. The Court has considered Plaintiff's argument under Federal Rule of Evidence 403 in connection with its ruling on this motion in limine.

5. Plaintiff's motion to exclude any evidence or reference to the jury regarding Plaintiff's October 25, 2019 to December 28, 2019 timesheets with handwritten notes is DENIED. The Court reserves to trial its ruling on any objections regarding the authenticity and/or admissibility of the notes, attached as Exhibit 2 to the Declaration of Joseph Cooper (docket no. 64-2).

6. Plaintiff's motion to exclude any evidence or reference to the jury regarding Naomi Gonzalez's medical records is DEFERRED to the pretrial conference. Defendants have indicated that the parties might enter into a stipulation regarding this motion.

7. Plaintiff's motion to exclude any evidence or reference to the jury regarding his own medical records is DEFERRED to the pretrial conference.

8. Plaintiff's motion to exclude any evidence or reference to the jury regarding Street Dreams Garage, LLC is DENIED.

9. Plaintiff's motion to exclude any evidence or reference to the jury regarding Plaintiff's receipt of unemployment compensation benefits is DEFERRED to the pretrial conference.

10. Plaintiff's motion to exclude any reference to these motions in limine is GRANTED.

(2) Defendants' motions in limine, docket no. 56, are GRANTED in part and DENIED in part, as follows:

1. Defendants' motion to exclude any evidence or testimony relating to employment that Plaintiff allegedly sought by written means of any kind is GRANTED in part and DENIED in part. Plaintiff may not rely on any evidence or testimony concerning his post-termination job search that he did not disclose during discovery. The Court, however, will not preclude Plaintiff from testifying in a manner consistent with his deposition. Defendants may cross-examine Plaintiff regarding his post-termination efforts to seek employment.

2. Defendants' motion to exclude any evidence relating to any post-termination negotiations, grievance-processing, or other union-related communications is DEFERRED to the pretrial conference. Plaintiff has clarified that, with respect to his Collective Bargaining Agreement, he intends only to reference Defendants' no-fault attendance policy, "call out" procedures, and any related provisions. Plaintiff also intends to testify about his union-related communications only to show that he allegedly attempted to address what he perceived as Defendants' confusion regarding his family and medical leave and Defendants' alleged failure to correct errors in how his attendance was recorded. The Court is inclined to deny the motion as it relates to these topics.

(3) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 6th day of April, 2023.

                                                   Ravi Subramanian
                                                   Clerk

                                                 s/Laurie Cuaresma
                                               Deputy Clerk