The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUAN A. GONZALEZ,

                    Plaintiff,

        v.

THE GEO GROUP, INC., GEO SECURE
SERVICES, LLC and GEO CORRECTIONS
AND DETENTIONS, LLC, d/b/a THE GEO
GROUP,

                    Defendants.

No. 3:22-cv-05042

JOINT PRETRIAL ORDER

Plaintiff Juan Gonzalez ("Plaintiff") and Defendants The GEO Group, Inc., GEO Secure Services, LLC, and GEO Corrections and Detentions, LLC, d/b/a The GEO Group (collectively "Defendants") submit the following Joint Pretrial Order pursuant to the Court's Minute Order Setting Trial Dates and Related Dates.  ECF No. 14.

**JURISDICTION**

The parties agree that this Court has jurisdiction of this case pursuant to 28 U.S.C § 1331 and 28 U.S.C. § 1367(a).

JOINT PRETRIAL ORDER –
3:22-cv-05042                              PAGE 1 OF 20

## PLAINTIFF'S CLAIMS

A.     Plaintiff intends to pursue the following claims against Defendant: Retaliation[1] and Interference under the federal Family and Medical Leave Act (29 U.S.C §2615), and Violation of the Washington Family Care Act (RCW 49.12.265-295).

B.     Plaintiff is seeking lost wages, benefits and expenses to be established at trial, , liquidated damages as allowed under 29 U.S. Code § 2617 (a)(i)(A)(iii), actual and reasonable attorney fees, litigation expenses and costs incurred in this action under 29 U.S. Code § 2617 (a)(3) and RCW 49.60, injunctive relief as allowed under 29 U.S. Code §§ 2614, 2615 and RCW 49.60, declaratory relief, prejudgment interest on his lost wages award and economic loss, any additional or further relief which the court finds equitable, appropriate, or just.

## AFFIRMATIVE DEFENSES

The Defendants deny Plaintiff's claims and allege the following affirmative defenses:

A.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of unclean hands, waiver, and estoppel.

B.     All actions taken by Defendants, or anyone acting on their behalf, were just, fair, privileged, made with good cause and/or in a good faith effort to comply with all applicable laws, and made without malice or intent to discriminate, retaliate or harass.

C.     Plaintiff's alleged damages are barred, in whole or in part, to the extent that Plaintiff failed to mitigate, has successfully mitigated, and/or to the extent the alleged damages are too speculative to permit recovery, exceed the type of remedies that are recoverable under each cause of action alleged, or are otherwise off-set.

---

[1] Defendants contest the existence of a retaliation claim in this case.

**ADMITTED FACTS**

1.1    On or about February 1, 2016, GEO Corrections and Detention, LLC ("GEO") hired Mr. Gonzalez to work as an Officer at its Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington.

1.2    GEO employed Plaintiff until his termination on December 28, 2019.

1.3    A Collective Bargaining Agreement ("CBA") between GEO and the United Government Security Officers of America International Union, Local #883 ("Union") established a "no-fault," points-based attendance system whereby an accumulation of points for absenteeism and tardiness results in progressive discipline, up to termination.

1.4    Under the CBA, Officers receive specified disciplinary actions when their attendance point totals progress to certain thresholds, as follows:

| Points | Discipline |
|--------|------------|
| 3 | Coaching |
| 6 | Counseling |
| 9 | Written reprimand |
| 12 | Final Written Reprimand |
| 15 | Termination |

1.5    Different infractions result in different points. Officers incur one (1) attendance point for tardy/late arrivals, three (3) attendance points for unexcused absences, and six (6) attendance points for "no-call, no shows."

1.6    The CBA, in turn, defines each of the infractions leading to points. Tardy/late arrival violations occur when an Officer clocks in eight or more minutes after their shift's scheduled start time. No-call, no-shows occur when an Officer fails to attend his/her/their scheduled shift without any prior notice. An unexcused absence occurs when an Officer calls off

his/her/their scheduled shift without sufficient accrued paid time off (such as paid sick leave or vacation) to cover the absence.

1.7    The CBA assigns no attendance points for absenteeism arising from approved leave under the FMLA and other protected leave laws.

1.8    An Officer may only incur one "occurrence" at a time, which is defined as "a single day of absence or two or more consecutive days of absence." For example, an Officer returning to work after ten consecutive unexcused absences receives the same disciplinary consequence as a single unexcused absence, *i.e.*, 3 attendance points.

1.9    In late July 2019, Mr. Gonzalez requested leave under the FMLA based on a Certification of Health Care Provider Form completed by his wife's obstetrician/gynecologist, Dr. Ashley Butlin.

1.10    In 2019, the Defendant approved the Plaintiff for FMLA to bond with his newborn due to be born in September 2019.

1.11    On October 22, 2019, GEO sent Mr. Gonzalez a certified letter notifying him that his current leave had ended.

1.12    On October 27, 2019, Gonzalez called off his shift and missed work.

1.13    GEO issued Gonzalez a written Disciplinary Action Form ("DAF") confirming the basis for his October 27, 2019 attendance violation and his receipt of three (3) attendance points under the CBA.

1.14    Gonzalez signed the DAF on October 27, 2019.

1.15    On November 1, 2019, Gonzalez called out sick, and then called out sick for his next four consecutive shifts from November 1 through November 5.

1.16    Gonzalez also called off his next five consecutive shifts.

1.17    Under the CBA, the ten consecutive shifts that Gonzalez missed from November 1 through November 12, 2019 constituted a single "occurrence" of absenteeism resulting in three attendance points, bringing Gonzalez's total to 6 points overall.

JOINT PRETRIAL ORDER –
3:22-cv-05042                                        PAGE 4 OF 20

1.18   Gonzalez received and signed another DAF explaining the basis for the discipline incurred for his absences from November 1 through November 12, 2019.

1.19   In late November, Gonzalez arrived late for three scheduled shifts on November 17 (91 minutes late), November 19 (36 minutes late), and November 23 (64 minutes late), which cumulatively earned him another three (3) attendance points, for a total of nine (9) overall.

1.20   Gonzalez arrived late for another three shifts on November 25 (9 minutes late), December 6 (16 minutes late), and December 7 (59 minutes late), which cumulatively earned him another three attendance points, for a total of 12 overall.

1.21   For his tardies from November 17 to December 7, Gonzalez signed a disciplinary action forms acknowledging the violations.

1.22   On December 8, 2019, Gonzalez again called off his shift and missed work.

1.23   For his absence of December 8, 2019, Gonzalez received another three points, giving him 15 overall and bringing him to the threshold for termination.

1.24   GEO issued Disciplinary Action Forms allocating attendance points to Mr. Gonzalez under the "no-fault" attendance provisions of the CBA for his absences from work on October 27, 2019, November 1 through 5, 2019, and December 8, 2019, and late arrivals on November 17, November 19, November 23, November 25, December 6, and December 7.

1.25   On December 28, 2019, GEO terminated the Plaintiff for his absenteeism.

### ISSUES OF LAW

**On Behalf of Plaintiff:**

> *Whether Defendants violated the FMLA and Washington Family Care Act ("WFCA") by discriminating against Mr. Gonzalez and terminating him in retaliation for taking protected leave;* and

Depending on the jury's verdict, the court may have to decide whether Mr. Gonzalez is entitled to liquidated damages under the state and federal FMLA.

///

///

**On Behalf of Defendant:**

1. Whether Plaintiff proved by a preponderance of the evidence that he duly certified and GEO approved and agreed to intermittent FMLA leave for child-bonding during his absences from October 27 through December 8, 2019.

2. Whether Plaintiff proved by a preponderance of the evidence that he provided adequate notice of his approved and certified FMLA leave on the days for which GEO allocated attendance points under the CBA.

3. Whether Plaintiff proved by a preponderance of the evidence that he used FMLA leave for its certified and approved purpose, including on the days for which GEO allocated attendance points under the CBA.

4. Whether Plaintiff proved by a preponderance of the evidence that his taking of FMLA-protected leave constituted a negative factor in Defendants' decision to terminate his employment.

5. Whether Plaintiff proved by a preponderance of the evidence that Defendants denied Plaintiff leave protected by the WFCA.

6. Whether Defendant proved by a preponderance of the evidence that Plaintiff's claims are barred, in whole or in part, by his unclean hands, including his misuse and abuse of continuous child-bonding leave.

7. Whether Defendant proved by a preponderance of the evidence that Plaintiff's claims for relief are barred, in whole or in part, by his failure to mitigate his damages, successful mitigation, and/or his failure to produce/preserve evidence regarding his alleged efforts to mitigate.

8. Whether Defendant proved by a preponderance of the evidence that Plaintiff's claim for liquidated damages is barred, in whole or in part, by Defendants' just, fair, privileged, and/or good faith effort to comply with applicable law.

## EXPERT WITNESSES

**On behalf of the Plaintiff:**

Douglas S. McDaniel, CPA, CFF, CVA, CFE, IAR, MBA, MA
The McDaniel Group
989 112th Ave. NE, Suite 1610
Bellevue, WA 98004
206-383-1471

Mr. Douglas is an economic expert and is expected to testify regarding the opinions contained in his expert report. This would be a complete statement of Plaintiff's economic damages.

## OTHER WITNESSES

**(a) On behalf of the Plaintiff:**

Juan Gonzalez
c/o Emery Reddy, PLLC
600 Stewart St., Suite 1100
Stewart, St. 98101

Mr. Gonzalez is the Plaintiff in this matter and is expected to testify regarding his knowledge of his employment with the Defendants and its subsequent termination of him, his need for leave under the Family Medical Leave Act, his utilization of leave under FMLA, all communications made regarding his need for FMLA, his union grievance, and racial discrimination in the workplace. Mr. Gonzalez will also testify regarding his damages. Further, he will testify to the requirements of "calling out" for intermittent FMLA as instructed by the Defendants.

Naomi Gonzalez
c/o Emery Reddy, PLLC
600 Stewart St., Suite 1100
Stewart, St. 98101

Ms. Gonzalez **will** testify about all relevant facts based on her personal knowledge of her husband's employment and his subsequent termination, his need for leave under the Family Medical Leave Act, his utilization of leave under FMLA, and how the termination has affected Mr. Gonzalez' life.

Dr. Ashley Butlin
1701 3rd St. SE, Suite 200
Puyallup, WA 98372

///

///

JOINT PRETRIAL ORDER –
3:22-cv-05042                                    PAGE 7 OF 20

Dr. Butlin **will** testify about Plaintiff's FMLA certification, her knowledge of the basis of Plaintiff's leave and the Plaintiff's wife's 2019 pregnancy.

Michelle Ziegwied
c/o Defendant's Counsel

Ms. Ziegwied **may** testify depending on the testimony of other witnesses. If called to testify, she is expected to testify regarding her knowledge of the Plaintiff's employment with the Defendants and its subsequent termination of him, the Plaintiff's request for leave under the Family Medical Leave Act, the Plaintiff's utilization of FMLA, communications made regarding Plaintiff's need for FMLA, and her knowledge of Exhibits 1, 2, 3, 5, 6, and 7. Further, he will testify to the requirements of "calling out" for intermittent FMLA as instructed by the Defendants.

Bruce Scott
c/o Defendant's Counsel

Mr. Scott **may** testify depending on the testimony of other witnesses. If called to testify, he is expected to testify regarding his knowledge of the Plaintiff's employment with the Defendants and its subsequent termination of him, the Plaintiff's need for leave under the Family Medical Leave Act, the Plaintiff's utilization of FMLA, communications made regarding Plaintiff's need for FMLA, and his knowledge of Exhibits 3, 4, 5, 6, 7, 15. Further, he will testify to the requirements of "calling out" for intermittent FMLA as instructed by the Defendants.

Leeroy Portillo
c/o Defendant's Counsel

Mr. Portillo **may** testify depending on the testimony of other witnesses. If called to testify, he is expected to testify regarding his knowledge of the Plaintiff's employment with the Defendants and its subsequent termination of him, the Plaintiff's need for leave under the Family Medical Leave Act, the Plaintiff's utilization of FMLA, communications made regarding Plaintiff's need for FMLA, and his knowledge of Exhibits 3, 4, 5, 6, 7, 16. Further, he will testify to the requirements of "calling out" for intermittent FMLA as instructed by the Defendants.

Officer Daniel Bly
UGSOA Local 883
2602 South 38th Street
Tacoma, WA

Officer Bly **may** testify depending on the testimony of other witnesses. If called to testify, he is expected to testify regarding his knowledge of the Plaintiff's employment with the Defendants and its subsequent termination of him, the Plaintiff's request for leave under the Family Medical Leave Act, the Plaintiff's utilization of FMLA, communications made regarding Plaintiff's need for FMLA, the Plaintiff's union grievance, communications made regarding the union grievance, and his knowledge of Exhibits 1, 2, 3, 4, 5, 6, 7, 8, 9, 10. Further, he will testify to the requirements of "calling out" for intermittent FMLA as instructed by the Defendants.

Mike LeBlanc

JOINT PRETRIAL ORDER –
3:22-cv-05042                                  PAGE 8 OF 20

UGSOA International Union
2897 Cranberry Highway East Wareham, MA 02538
303-650-8515

Mr. LeBlanc **may** testify depending on the testimony of other witnesses. If called to testify, he is expected to testify regarding his knowledge of the Plaintiff's employment with the Defendants and its subsequent termination of him, the Plaintiff's request for leave under the Family Medical Leave Act, the Plaintiff's utilization of FMLA, communications made regarding Plaintiff's need for FMLA, the Plaintiff's union grievance, communications made regarding the union grievance, and his knowledge of Exhibits 1, 2, 3, 4, 5, 6, 7, 8, 9, 10. Further, he will testify to the requirements of "calling out" for intermittent FMLA as instructed by the Defendants.

"Jr" Wheeler
253-686-0992

Mr. Wheeler **may** testify depending on the testimony of other witnesses. If called to testify, he is expected to testify regarding his knowledge of the Plaintiff's employment with the Defendants and its subsequent termination of him, the Plaintiff's need for leave under the Family Medical Leave Act, the Plaintiff's utilization of FMLA, communications made regarding Plaintiff's need for FMLA, and his knowledge of Exhibits 3, 4, 5, 6, and 7. Further, he will testify to the requirements of "calling out" for intermittent FMLA as instructed by the Defendants.

Marcus Hoffmeister

Mr. Hoffmeister **may** testify depending on the testimony of other witnesses. If called to testify, he is expected to testify regarding his knowledge of the Plaintiff's employment with the Defendants and its subsequent termination of him, the Plaintiff's need for leave under the Family Medical Leave Act, the Plaintiff's utilization of FMLA, communications made regarding Plaintiff's need for FMLA, and his knowledge of Exhibits 3, 4, 5, 6, and 7. Further, he will testify to the requirements of "calling out" for intermittent FMLA as instructed by the Defendants.

Paul Laird
c/o Defendant's Counsel

Mr. Laird **may** testify depending on the testimony of other witnesses. If called to testify, he is expected to testify regarding his knowledge of the Plaintiff's employment with the Defendants and its subsequent termination of him, the Plaintiff's need for leave under the Family Medical Leave Act, the Plaintiff's utilization of FMLA, communications made regarding Plaintiff's need for FMLA, and his knowledge of Exhibits 3, 4, 5, 6, and 7. Further, he will testify to the requirements of "calling out" for intermittent FMLA as instructed by the Defendants.

Stephen A. Langford
c/o Defendant's Counsel

Mr. Langford **may** testify depending on the testimony of other witnesses. If called to testify, he is expected to testify regarding his knowledge of the Plaintiff's employment with the Defendants and its subsequent termination of him, the Plaintiff's request for leave under the

Family Medical Leave Act, the Plaintiff's utilization of FMLA, communications made regarding Plaintiff's need for FMLA, and his knowledge of Exhibits 3, 4, 5, 6, and 7. Further, he will testify to the requirements of "calling out" for intermittent FMLA as instructed by the Defendants.

Rebecca Blanchette
c/o Defendant's Counsel

Ms. Blanchette **may** testify depending on the testimony of other witnesses. If called to testify, she is expected to testify regarding her knowledge of the Plaintiff's employment with the Defendants and its subsequent termination of him, the Plaintiff's request for leave under the Family Medical Leave Act, the Plaintiff's utilization of FMLA, communications made regarding Plaintiff's need for FMLA, and her knowledge of Exhibits 1, 2, 3, 5, 6, and 7. Further, he will testify to the requirements of "calling out" for intermittent FMLA as instructed by the Defendants.

Karen Broadwater
c/o Defendant's Counsel

Ms. Broadwater **may** testify depending on the testimony of other witnesses. If called to testify, she is expected to testify regarding her knowledge of the Plaintiff's employment with the Defendants and its subsequent termination of him, the Plaintiff's request for leave under the Family Medical Leave Act, the Plaintiff's utilization of FMLA, communications made regarding Plaintiff's need for FMLA, and her knowledge of Exhibits 1, 2, 3, 5, 6, and 7. Further, he will testify to the requirements of "calling out" for intermittent FMLA as instructed by the Defendants.

**(b) On behalf of the Defendant:**

| Witness | Nature of Expected Testimony |
|---|---|
| Juan Gonzalez<br><br>c/o Plaintiff's Counsel | Will testify regarding his allegations, his employment (including attendance, absences, leaves of absence, leave requests, multiple warnings, and termination), his personal/recreational activities during absences, his alleged efforts to obtain replacement employment/income, his failure to preserve/produce evidence relating to his damages, and other topics relevant to the legal issues listed above. |
| Naomi Gonzalez<br><br>c/o Plaintiff's Counsel | Will testify regarding her pregnancies in 2017 and 2019, Plaintiff's allegations, Plaintiff's employment (including attendance, absences, leaves of absence, leave requests, multiple warnings, and termination), his personal/recreational activities during absences, his alleged efforts to obtain replacement employment/income, his failure to preserve/produce evidence relating to his damages, and other topics relevant to the legal issues listed above. |

| | |
|---|---|
| Bruce Scott, Facility Administrator<br><br>c/o Littler Mendelson, One Union Square 600 University St., Ste. 3200, Seattle, WA  98101 | Will testify about Plaintiff's employment (including attendance, absences, leaves of absence, leave requests, multiple warnings, and termination), the CBA and other Company policies and practices regarding attendance and leaves of absences, and other topics relevant to the legal issues listed above. |
| Major Leroy Portillo, Chief of Security<br><br>c/o Littler Mendelson, One Union Square 600 University St., Ste. 3200, Seattle, WA  98101 | Will testify about Plaintiff's employment (including attendance, absences, leaves of absence, leave requests, multiple warnings, and termination), the CBA and other policies and practices regarding attendance and leaves of absences, and other topics relevant to the legal issues listed above. |
| Elijah Johnston, Regional Human Resources Manager<br><br>c/o Littler Mendelson, One Union Square 600 University St., Ste. 3200, Seattle, WA  98101 | Will testify about Plaintiff's employment (including attendance, absences, leaves of absence, leave requests, multiple warnings, and termination), the CBA and other policies and practices regarding attendance and leaves of absences, and other topics relevant to the legal issues listed above. |
| Mirna Deanda, Human Resources Specialist<br><br>c/o Littler Mendelson, One Union Square 600 University St., Ste. 3200, Seattle, WA  9810 | *May testify about notice to Plaintiff of expiration of his leave, the CBA and other policies and practices regarding attendance and leaves of absences, and other topics relevant to the legal issues listed above. |
| Karen Broadwater Human Resources Director<br><br>c/o Littler Mendelson, One Union Square 600 University St., Ste. 3200, Seattle, WA  98101 | *May testify about Plaintiff's employment (including attendance, absences, leaves of absence, leave requests, multiple warnings, and termination), the CBA and other policies and practices regarding implementation of attendance and leave policies, and other topics relevant to the legal issues listed above.<br><br>Defendants seek permission to present Ms. Broadwater's testimony via Zoom based on her out-of-state location. |

JOINT PRETRIAL ORDER –
3:22-cv-05042                                PAGE 11 OF 20

| | |
|---|---|
| Stephen Langford Former Facility Administrator | *May testify about Plaintiff's employment (including attendance, absences, leaves of absence, leave requests, multiple warnings, and termination), the CBA and other policies and practices regarding attendance and leaves of absences, and other topics relevant to the legal issues listed above. Defendants seek permission to present Ms. Broadwater's testimony via Zoom based on her out-of-state location. |
| Rebecca Blanchette, Former Payroll Clerk | *May testify about Plaintiff's compensation, her duties and responsibilities, Defendants' policies and practices regarding payroll and recordkeeping, and other topics relevant to the legal issues listed above. |
| Michelle Ziegwied, Former Human Resources Representative | *May testify about Plaintiff's employment (including attendance, absences, leaves of absence, leave requests, multiple warnings, and termination), the CBA and other policies and practices regarding attendance and leaves, and other topics relevant to the legal issues listed above. |
| Joseph Wilson, Transportation Officer c/o Littler Mendelson, One Union Square 600 University St., Ste. 3200, Seattle, WA  98101 | *May testify about Plaintiff's employment (including attendance, absences, leaves of absence, leave requests, multiple warnings, and termination), the CBA and other policies and practices regarding attendance and leaves, and other topics relevant to the legal issues listed above. |
| Curtis Jackson, Lieutenant c/o Littler Mendelson, One Union Square 600 University St., Ste. 3200, Seattle, WA  98101 | *May testify about Plaintiff's employment (including attendance, absences, leaves of absence, leave requests, multiple warnings, and termination), the CBA and other policies and practices regarding attendance and leaves, and other topics relevant to the legal issues listed above. |
| Joshua Steffens, Sergeant | *May testify about Plaintiff's employment (including attendance, absences, leaves of absence, leave requests, |

JOINT PRETRIAL ORDER –
3:22-cv-05042                          PAGE 12 OF 20

| | |
|---|---|
| c/o Littler Mendelson, One Union Square 600 University St., Ste. 3200, Seattle, WA 98101 | multiple warnings, and termination), the CBA and other policies and practices regarding attendance and leaves, and other topics relevant to the legal issues listed above. |
| Captain Cassie (Douglas) Harbour<br><br>c/o Littler Mendelson, One Union Square, 600 University St., Ste. 3200, Seattle, WA 98101 | *May testify about Plaintiff's employment (including attendance, absences, leaves of absence, leave requests, multiple warnings, and termination), the CBA and other policies and practices regarding attendance and leaves, and other topics relevant to the legal issues listed above. |
| Karl Douglas, Former Lieutenant | *May testify about Plaintiff's employment (including attendance, absences, leaves of absence, leave requests, multiple warnings, and termination), the CBA and other policies and practices regarding attendance and leaves, and other topics relevant to the legal issues listed above. |
| Brandon Shepp, Former Sergeant | *May testify about Plaintiff's employment (including attendance, absences, leaves of absence, leave requests, multiple warnings, and termination), the CBA and other policies and practices regarding attendance and leaves, and other topics relevant to the legal issues listed above. |
| Corporate Representative of Amtrak | *May testify about Plaintiff's replacement employment and earnings, effort to mitigate damages, and failure to produce/preserve evidence relating to the same. |
| Bruce Wilson<br><br>4113 Bridgeport Way West Suite C2 University Place, WA 98466 | *May testify about his treatment of Plaintiff for anxiety and depression from July to October 2018. |
| Dr. Ashley Butlin | *May testify about her treatment of Plaintiff's wife during her 2019 pregnancy, Plaintiff's FMLA certification, and the scope/basis of Plaintiff's leave. |

| 1701 3rd St. SE, Suite 200, Puyallup, WA 98372 | |
| --- | --- |
| Mychael Horstman<br><br>18229 E Clear Lake Blvd Se Yelm, WA 98597 | *May testify about Plaintiff's replacement income, effort to mitigate damages, and failure to produce/preserve evidence relating to the same, including but not limited to all topics concerning Plaintiff's side business and alleged hobby, Street Dreams Garage, LLC. |
| Witnesses Identified by Plaintiff | Defendants reserve the right to call any witness on Plaintiff's list on the topics relevant to the legal issues listed above. |
| Rebuttal Witnesses | Defendants reserve the right to call any unidentified individual as a witness for rebuttal purposes. |

*Possible Witness Only

The Plaintiff may call some or all of Defendants' witnesses currently employed by GEO during his case in chief. With advance notice, the Defendants have agreed to make them available (via zoom or live, at their discretion) and to coordinate on scheduling. Likewise, Defendant may call Mr. Gonzalez, Mrs. Gonzalez, and Dr. Butlin during their case in chief. With advance notice, Plaintiff has agreed to make them available (via zoom or live, at his discretion) and to coordinate on scheduling. The parties have further agreed, for the sake of witness convenience and judicial economy, that the Defendant may conduct its direct examination of Plaintiff's witnesses at the time they are called by the Plaintiff.

///

///

///

///

///

///

# EXHIBITS

**Plaintiff's Exhibits:**

| Ex. No. | Description | Authenticity Disputed? | Admissibility Disputed | Defendants' Objection(s) | Admitted |
|---|---|---|---|---|---|
| 1 | FMLA Leave Documents Dated July 26, 2019 – Bates No. GONZJ00006 – 00008 | | | | |
| 2 | Certification of Health Care Provider – Bates No. GEO_000120 – 000123 | | | | |
| 3 | Employee Leave Requests from August 2019 to December 2019 – Bates No. GEO_000028; GEO_000041 – 000045; GEO_000049; GEO_000105-000114; GEO_000575 – 000590 | | | | |
| 4 | October 22, 2019 Letter – GEO_000118 | | | | |
| 5 | Collective Bargaining Agreement – Gonzalez Dep. Exhibit 5 | | | | |
| 6 | Local 883 Grievance Form – Bates No. GONZJ00016 – 00017 | | XX | 402, 403, 802, F | |
| 7 | Douglas McDaniel Economic Report and CV dated November 3, 2022 – Bates No. GONZJ00212 – 224 GONZJ00216 - 224 | | XX | 402, 403, 802, F I | |
| 9 | Deposition Testimony of Juan Gonzalez | | XX | 402, 403, 802 F | |
| 10 | Deposition Testimony of Naomi Gonzalez | | XX | 402, 403, 802, F | |
| 11 | Deposition Testimony of Bruce Scott | | XX | 402, 403, F | |
| 12 | Deposition Testimony of Leroy Portillo | | XX | 402, 403, F | |

**Defendant's Additional Exhibits:**

| Ex. No. | Description | Authenticity Disputed? | Admissibility Disputed? | Plaintiff Objection(s) | Admitted |
|---|---|---|---|---|---|
| 100 | GEO Group FMLA Policy – Exhibit A to Supplemental Declaration of Bruce Scott in Support of Motion for Summary Judgment | | | | |
| 101 | Plaintiff's 2016 Performance Evaluation (2/7/17) – GEO_000087-000088 | | XX | 402 403 MIL | |
| 102 | Plaintiff's 2017 Performance Evaluation (3/1/18) – GEO_000083-000084 | | XX | 402 403 MIL | |
| 103 | Plaintiff's 2018 Performance Evaluation (3/1/2019) – GEO_000063-000064 | | XX | 402 403 MIL | |
| 104 | Plaintiff's FMLA Application, Certification, and Approval (2017) – GEO_000166-000170, 000175-000178, 000181-000182 | | | | |
| 105 | Officer Attendance Call Off Tracker (2019) (Excel) – Exhibit A to Declaration of Bruce Scott in Support of Motion for Summary Judgment | | XX | 402 403 L | |
| 106 | Plaintiff's Call Off Slips (January-November 2019) – GEO_000550-000590 | | XX | 402 403 MIL D L | |
| 107 | Pre-FMLA Disciplinary Action Forms (2018-2019) – GEO_000051-000059, 000067-000082, 000546-000547, 000552-000565, 000566-000569, 000573-000574 | | XX | 402 403 MIL | |
| 108 | Written Reprimand from Facility Administrator (6/14/19) – GEO_000050 | | XX | 402 403 MIL | |
| 109 | Naomi Gonzalez Medical Records – DWHS 000001-000053 | | XX | 402 403 MIL | |
| 110 | Disciplinary Action Form re: 10/27/2019 absence (11/15/19) – GEO_000050-000049 | | | | |

| Ex. No. | Description | Authenticity Disputed? | Admissibility Disputed? | Plaintiff Objection(s) | Admitted |
|---|---|---|---|---|---|
| 111 | Disciplinary Action Form re: 11/1- 11/5 absences (11/15/19) – GEO_000037-000045 | | | | |
| 112 | Plaintiff's Facebook Post re: Opening of Street Dreams Garage (10/2/19) – Deposition of Juan Gonzalez, Exhibit 24 | | | | |
| 113 | Plaintiff's Facebook Post re: Business Activity of Street Dreams Garage (11/5/19) – Deposition of Juan Gonzalez, Exhibit 24 | | | | |
| 114 | Disciplinary Action Form re: late arrivals on 11/17, 11/19, and 11/23 (12/13/19) – GEO_000026-000027, 000034-000035 | | | | |
| 115 | Disciplinary Action Form re: late arrivals on 11/25, 12/6, and 12/7 (12/16/19) – GEO_000031-000032 | | | | |
| 116 | Disciplinary Action Form re: 12/8 absence (12/28/19) – GEO_000021-000025 | | | | |
| 117 | Plaintiff's December 8, 2019 Facebook Photos of Holiday Party – GONZJ00356-000358 | | | | |
| 118 | Plaintiff Timesheet with Handwritten Notes (10/25/19 - 12/28/19) – GONZJ0025-00027 | | | | |
| 119 | Plaintiff's Pay Records (2016-2019) – GEO_000384-000541 | | | | |
| 120 | Plaintiff's 2020 and 2021 Tax Returns (2020-2021) – GONZJ00197-000211 | | | | |
| 121 | Street Dreams Garage LLC Business Registration Filings – GONZJ00243-000261 | | | | |
| 122 | Tenant Ledger - Street Dreams Garage – GONZJ00404-000423 | | | | |
| 123 | Invoices - Street Dreams Garage – GONZJ00424-000430 | | | | |
| 124 | Plaintiff's Therapy Notes – GLMHC 000001-77 | | XX | 402 403 MIL | |
| 125 | Officer Attendance Call-Off Tracker (PDF) GONZJ00069-00084 | | XX | 402 403 | |

| Ex. No. | Description | Authenticity Disputed? | Admissibility Disputed? | Plaintiff Objection(s) | Admitted |
|---|---|---|---|---|---|
| 126 | Plaintiff's October 2019 Sprint Monthly Invoice and Call Log- GONZJ00391-00403 | | XX | 402 403 | |
| 127 | Leave Summary of Plaintiff's HRIS File GEO_000598-000599 | XX | XX | 402 403 | |
| 128 | Public records relating to data on job growth and openings for jobs in security, auto body work, and auto repair. | XX | XX | 402 403 407 E | |
| | Plaintiff's Unobjectionable Exhibits | | | | |
| | Rebuttal and Impeachment Exhibits, including Plaintiff's First Amended Complaint, Grievance, Interrogatory Responses, and Supplemental Responses | N/A | N/A | N/A | |

The Parties' Objection Code:

| | |
|---|---|
| D | Exhibit is Duplicative |
| F | Lack of Foundation |
| I | Incomplete |
| L | Limit to the issues of the case |
| MIL | Subject of Motion in Limine |
| E | Exhibit is objectionable because it constitutes attempted expert testimony from a source who is not designated as an expert. |

**FURTHER STIPULATIONS**

The parties agree and stipulate to exclude any evidence, testimony, exhibits, commentary, references, statements or arguments at trial concerning the following subject matter:

(1)     The politics of private management of "prisons," detention centers, or similar facilities; and

(2)     The nature and circumstances of detainees at the NWIPC, *e.g.*, immigration status, national origin, etc.; and

(3)    Alleged abuse, mistreatment or other handling of detainees within the NWIPC or any other similar facility.

DATED this 7th day of April, 2023.

By:    s/ Patrick B. Reddy
      PATRICK B. REDDY
      WSBA No. 34092
      EMERY | REDDY, PLLC
      600 Stewart Street, Suite 1100
      Seattle, WA 98101
      Phone: (206) 442-9106
      Fax: (206) 441-9711
      Email: reddyp@emeryreddy.com
      Attorney for Plaintiff

      AND

By:    s/ John A. Berg
      John A. Berg, WSBA #48683
      jberg@littler.com
      Joseph M. Cooper, OSB #195169
      (Admitted pro hac vice)
      jcooper@littler.com
      LITTLER MENDELSON, P.C.
      1300 SW Fifth Avenue, Suite 2050
      Portland, OR 97201
      Phone: 503.221.0309
      Fax: 503.242.2457

      AND

      Derek Bishop, WSBA # 39363
      Debishop@littler.com
      Brian (Heyun) Rho, WSBA #51209
      brho@littler.com
      LITTLER MENDELSON, P.C.
      One Union Square
      600 University Street, Suite 3200
      Seattle, WA 98101
      Phone: 206.623.3300
      Fax: 206.447.6965

      Attorneys for Defendants

**ACTION BY THE COURT**

This case is scheduled for a trial before a jury on April 24, 2023.

This order has been approved by the parties as evidenced by the signatures of their counsel. This order shall control the subsequent course of the action unless modified by a subsequent order.

This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.

Dated this _____ day of April, 2023.


_____
The Honorable Thomas S. Zilly
United States District Judge